The opinion of the Court was delivered by
Bermudez, C. J.
This is an injunction to arrest an order of sale made in the succession of Porter, and to have it annulled.
From a judgment in favor of plaintiff, the succession has appealed.
The order was rendered on the 31st of May, 1878.
The nullity is claimed on the ground: that it issued for the sale of property in custodia legis for years previous.
The record shows thaton May, 1874, the plaintiff instituted executory proceedings against widow Porter, for the payment of a mortgage note of $1,500, which she had subscribed and secured by mortgage, in January, 1871, on property which she had acquired in her own name in 1803, during the life of her husband; that she enjoined the sale, on the ground that the property belonged to her individually; that the debt claimed had been created and secured by her for the benefit of her husband, and that she was not bound therefor. Her injunction culminated in a judgment against her. The writ being about to be proceeded with, she obtained another injunction, which was maintained by the lower court, but dissolved on appeal.
Tlie seizure had been recorded on May 27th, 1874, under the Act of 1857, the registry amounting to an actual taking of possession.
Considering that it had been judicially established that the property did not belong to Mrs. Porter, but to the succession of her husband, the seizing creditor thought it advisable, in March, 1878, to make his heirs parties, three of whom were of age, and four minors. One of the first was absent, and the latter were represented by their mother, confirmed as tutrix, on February 5th, 1875. The absent heir was represented by a curator ad hoc appointed to him on April 22d, 1878.
It does not appear that any now order for executory process or seizure was made and recorded after the heirs had been made parties.
*875 The making of the heirs parties in 1878 to a proceeding brought in 1874 against one who at the time represented neither the succession nor the heirs, could not and did not give validity to the seizure effected by the registry, which was an absolute nullity.
The consequence is, that as to the creditors of C. C. Porter, represented by the administrator of his succession, the property ordered to be sold was not in custodia legis, and that the Probate Court having acquired jurisdiction over it before any seizure had been effected, the order of sale, was properly rendered. 15 An. 636.
The injunction was illegally granted and should be dissolved.
It is, therefore, ordered and decreed, that the judgment appealed from be annulled and reversed, and it is now ordered, adjudged and decreed, that the injunction herein issued be dissolved, and the prayer therein rejected, reserving the rights of the succession, if any, to damages, by recourse on the bond against principal and surety, and it is further ordered, that plaintiff and appellee pay costs in both Courts.
Levy, J., absent.